## HARVEY v. NEW YORK CENT. & H. R. R. Co.

(*Supreme Court, General Term, Fourth Department.*  July 1, 1890.)

1. FELLOW-SERVANTS—DEFECTIVE BRAKES—CAUSE OF INJURY.

A conductor was hurt by a collision between his train and a fugitive freight-car.    That car and another were on a side track.    The train was made up on another siding, and, as it was leaving the yard, the two cars ran down and struck the caboose.    What started them does not appear.    The brakes were out of order; but the yardmen had put the cars on the siding without setting, or attempting to set, the brakes, or blocking the wheels.    The rules required them to do one or the other. *Held,* that the failure to set the brakes or block the wheels was the neglect of fellow-servants, that there is no evidence that the defect in the brakes contributed to the collision, and that a verdict for the conductor was properly set aside.

2. MASTER'S DUTIES—SUFFICIENT FORCE FOR WORK.

In such case the assistant yard-master was not on duty the night of the collision. There was no lack of men to attend the making up of trains and shifting cars. The gangs were full, and the men all there, and they were able and competent to do the work.    It was unusual for the yard-master or his assistant to take any part in it. *Held,* that the verdict cannot be sustained on the ground that the jury had a right to say that the absence of the assistant contributed to the collision.

Appeal from circuit court, Onondaga county.

Appeal from an order granting a motion on the minutes for a new trial. Action by a conductor for injuries in a collision between his train and a fugitive freight-car.    The case was tried at circuit, and a verdict rendered for plaintiff for $10,000.    A motion was made by the defendant on the minutes for a new trial, and the order appealed from was granted.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*William Kennedy* and *George F. Hine,* for appellant.    *Hiscock, Doheny & Hiscock,* for respondent.

MERWIN, J.    There is in this case evidence tending to show that the car that collided with the train upon which plaintiff was conductor belonged to defendant, and that the brake upon it was in defective condition.    The main question upon this appeal is whether such defective condition was the cause, or one of the producing causes, of the accident.    This car, and another one with it, had been standing in the defendant's yard for some hours upon a side track where the grade descended eastward.    The train of plaintiff was being made up upon another side track.    After the plaintiff's train was completed, and as it was proceeding out of the yard soon after midnight upon

its trip eastward, the two cars came down upon their track, and the first one collided with the caboose of plaintiff's train at the point of intersection of the two tracks. What started the two cars does not appear. On the part of the plaintiff there was evidence that the brakes were out of order, but no evidence whether or not they were set, or whether there had been any attempt to set them. . On the part of the defendant, there was evidence that these cars were brought into the yard the evening before, and had been placed on the track where they were by the employes of the defendant who there had the management of such cars, and had been left without setting, or attempting to set, the brakes, or blocking the wheels. It was the duty of these employes, under the rules of the company, to have done one or the other. If they had performed their duty, the accident would probably not have happened. They were co-employes of plaintiff, and their neglect is not chargeable to the defendant. It was concerning an act pertaining only to the duty of an operative, and the master is not liable to a fellow-servant for the improper performance of such an act. *Crispin* v. *Babbitt*, 81 N. Y. 516. It seems difficult to avoid the conclusion that the accident was occasioned solely by the fault of the co-employes. This subject is quite fully and satisfactorily discussed by Mr. Justice KENNEDY, in the opinion delivered by him on granting the order appealed from, and it need not be further considered here.

But it is argued on behalf of the plaintiff that the jury had the right to assume that, if the brake had been in order, the employe would have set it, and thus prevented the accident. This is only on the basis that it might be presumed that the employe would do his duty. The duty was to set the brake or block the wheel. The presumption would be as strong for the one as for the other. If either had been done, the accident would probably have been averted. The fact that the car was in motion rebuts the presumption in both aspects, and serves to corroborate the testimony on the part of the defendant from the employes themselves that they left the cars without attempting to set the brake or block the wheels. They thought it was not necessary. There is therefore no room for the inference that the accident would not have happened had the brake been in order. That being so, the condition of the brake cannot be said to be a contributing cause. The case of *Lilly* v. *Railroad Co.*, 107 N. Y. 566, 14 N. E. Rep. 503, is pressed upon our attention. There the presumption was indulged in that the brakes, if in order, would have been set, and so the accident have been averted. This, however, was for the reason that there was evidence that it was usual and customary to set brakes upon a car situated as the one there in question was. The evidence in this case is different. Here it is shown to have been the custom sometimes to use blocks, and this was known to the plaintiff. The rule of the company permitted either, and either was effective.

It is suggested by the plaintiff that the verdict can be supported upon the ground that defendant was negligent, in that the assistant yard-master was not at the yard the night of this occurrence, and that the jury had a right to say that his absence contributed to the injury. The evidence was not sufficient to warrant such conclusion. There was no lack of men to perform the duties attending the making up of trains and shifting cars. The evidence is that, unless there was something unusual, the yard-master or his assistant did not take any part in that matter. The gangs that were moving the cars and making up the trains were full, and the men all there, and they were fully able and competent to perform the duties assigned to them. See *Harvey* v. *Railroad Co.*, 88 N. Y. 481; *Williams* v. *Railway Co.*, 39 Hun, 430. It follows that the order appealed from should be affirmed. Order affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concur.